# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BRENDAN FOSTER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. ZAMORA, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:10-cv-00145-SKO PC<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE ANY CLAIMS UNDER SECTION 1983 AND RLUIPA<br><br>(Doc. 10)<br><br>ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(G) |

**Screening Order**

## I.   Screening Requirement and Standard

Plaintiff Robert Brendan Foster, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000cc-1 (Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA)) on April 7, 2010.  On April 8, 2011, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state any claims.  Plaintiff filed an amended complaint on July 25, 2011.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

///

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Amended Complaint**

    **A.     Summary of Allegations**

Plaintiff, who is currently incarcerated at Calipatria State Prison, brings this action against prison officials at three different prisons for violating his rights with respect to medical treatment and his ability to engage in religious practices. Plaintiff seeks damages and declaratory relief, and he names G. Gonzales, a physician at California Substance Abuse Treatment Facility and State Prison; R. Smith, a dentist at Pleasant Valley State Prison; S. Zamora, Health Care Manager at Kern Valley State Prison; M. Spaeth, a physician at Kern Valley State Prison; M. L. Sobbe, a correctional sergeant at Kern Valley State Prison; and Nate Dill, Jr., Associate Warden of Kern Valley State Prison, as defendants.

///

Plaintiff alleges that he suffered from a severely damaged right knee, which has been surgically reconstructed; an anterior communicating aneurism; a posterior disc protrusion, which is currently considered to be degenerative disc disease; an issue with blood flow to his arms; and markedly impacted wisdom teeth, which have been removed.

Plaintiff alleges that on May 20, 2003, Defendant Gonzales knowingly falsified an "inmate refusal" for knee surgery, which Plaintiff had fought to obtain since 1997. Plaintiff was at California Substance Abuse Treatment Facility and State Prison (CSATF) at that time.

On October 22, 2004, a neurological consultation was recommended, and on March 11, 2005, the recommendation was denied/cancelled.

On February 17, 2005, while at Pleasant Valley State Prison (PVSP), Plaintiff filed a request for health care services form seeking oral surgery; on March 3, 2005, a note was attached stating surgery had been done. Plaintiff alleges that Defendant Smith falsely stated Plaintiff was sent out for the procedure on February 28, 2005, and the procedure was done on March 3, 2005. Plaintiff alleges that he never had the procedure and Defendant Smith refused to see him again.

On February 6, 2006, Plaintiff arrived at Kern Valley State Prison (KVSP) and pursuant to policy, he expected to be seen by medical staff for an evaluation of his medical and dental issues, including a review of his medication. Plaintiff was seen by a registered nurse twice and he was scheduled to see a doctor on June 20, 2006, but the appointment was cancelled. Between February and June 2006, Plaintiff's pain management medication and Valley Fever medication were discontinued.

Plaintiff alleges that Defendant Spaeth refused to address Plaintiff's medical needs and that Defendant Zamora refused to process his class action complaint regarding the exposure of Plaintiff and other inmates to Valley Fever. Plaintiff also alleges that Defendant Zamora was aware of UMC's pain management report and Plaintiff's need for an appointment regarding his aneurism.

Plaintiff alleges that Defendant Sobbe was the "agent in charge" who "signed the contract," via the inmate appeal response, granting Plaintiff the right to practice holistic medicine, and she was aware of non-compliance with the contract. (Amend. Comp., court record p. 7 ¶ 16.) Plaintiff alleges

///

that Defendant Dill also signed the contract and acknowledged he was the superior addressing Plaintiff's issues. (Id., ¶17.)

Finally, Plaintiff alleges that he has repeatedly sought to use natural herbal and holistic remedies and medicines as part of his sincerely held religious beliefs, and although his appeal of the issue was granted, his requests were not honored.

**B.    Claims**

   **1.    Eighth Amendment**

      **a.    Legal Standard**

To maintain an Eighth Amendment claim based on medical care in prison, Plaintiff must show deliberate indifference to his serious medical needs. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)) (quotation marks omitted). The two-part test for deliberate indifference requires Plaintiff to show (1) a serious medical need by demonstrating that failure to treat his condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096 (quotation marks and citation omitted).

The existence of an injury that a reasonable doctor would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, and the existence of chronic or substantial pain are indications of a serious medical need, Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (citation and quotation marks omitted); Doty v. County of Lassen, 37 F.3d 540, 546 n.3 (9th Cir. 1994), while deliberate indifference is shown by (1) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (2) harm caused by the indifference, Jett, 439 F.3d at 1096 (citation and quotation marks omitted). Deliberate indifference may be manifested when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care. Jett, 439 F.3d at 1096 (citation and quotations omitted). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. Berry v. Bunnell, 39 F.3d 1056,

///

(9th Cir. 1994); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds by* WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

### b. Linkage Deficiencies

Plaintiff's amended complaint references multiple medical issues. However, assuming all of the medical needs at issue were serious, Plaintiff fails to link Defendants to actions or omissions which demonstrate they knowingly disregarded an excessive risk of harm to his health. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994). Although this is the pleading stage, bare allegations and conclusory assertions will not suffice to support a claim for relief. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949. It bears repeating that the mere possibility of misconduct falls short of supporting a plausible claim for relief, and the mere possibility of misconduct is all that can be inferred here. Id.

### 1) Defendant Gonzales - CSATF

As an initial matter, Plaintiff filed suit on January 10, 2010, and his claim against Defendant Gonzales arises from an event in 2003. At most, Plaintiff had four years within which to file suit against Defendant Gonzales, Cal. Civ. Proc. Code §§ 335.1, 352.1; Jones v. Blanas, 393 F.3d 918, 927 (2004); Maldonado v. Harris, 370 F.3d 945, 954-55 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999), and even with the possibility that the statute of limitation may have been equitably tolled for a time, McDonald v. Antelope Valley Community College Dist., 45 Cal.4th 88, 101-03 (Cal. 2008), it is unlikely that Plaintiff's claim is not barred by the statute of limitation.

Regardless, Plaintiff fails to state a claim against Defendant Gonzales. Plaintiff's conclusory allegation that Defendant Gonzales falsely documented that Plaintiff refused surgery is not supported by the medical record Plaintiff relies upon. On May 20, 2003, Defendant Gonzales filled out a request for services form, which was to be forwarded to the utilization management department. (Amend. Comp., court record p. 23.) Defendant Gonzales requested that Plaintiff be issued a hinged right knee brace, and the request was designated as outpatient and routine. Someone wrote "I/M refused" on the form. (Id.) The handwriting is not only markedly different than Defendant Gonzales's writing, but it is unclear when the notation was made and based on the contents of the referral form, there is no basis for any reasonable inference that the note pertained to surgery. (Id.)

5

The Court finds that Plaintiff fails to state a claim against Defendant Gonzales for acting with deliberate indifference to Plaintiff's medical needs. Accordingly, this claim is dismissed, with prejudice.

### 2) Defendant Smith - PVSP

Regarding Defendant Smith, the medical record to which Plaintiff cites in support of his claim that Defendant Smith falsely documented that Plaintiff had his wisdom teeth removed on March 3, 2005, contradicts that claim. Defendant Smith signed a health care services/physician request for services form on February 17, 2005. (Amend. Comp., court record pp. 26, 48.) The referral was for the removal of Plaintiff's wisdom teeth and the proposed provider was UMC in Fresno. (Id.) The record indicates that the request was sent to UMC on February 28, 2005, and a note affixed to the form dated March 3, 2005, stated, "This has been done already. [Illegible] for approval." The reference to "done already" appears to refer to the referral for services, and the record itself does not support any reasonable inference that anyone documented that Plaintiff's wisdom teeth were removed on March 3, 2005, as Plaintiff alleges. It is also unclear who wrote the note; in any event, the medical record does not support Plaintiff's conclusory claim that Defendant Smith acted with deliberate indifference to Plaintiff's health.

Thus, Plaintiff fails to state a claim against Defendant Smith and the claim is dismissed, with prejudice.

### 3) Defendants Zamora and Spaeth - KVSP

Defendants Zamora and Spaeth addressed Plaintiff's inmate appeal, dated June 25, 2006, in which Plaintiff sought surgery for his knee, aneurism, and wisdom teeth; a portable tenzen unit and a consultation with therapy for back pain; a consultation/treatment for his arms; and testing/treatment, if necessary, for his cocci levels. (Amend. Comp., pp. 19.) On October 2, 2006, at the second level of review, Defendant Zamora partially granted Plaintiff's appeal and documented that Defendant Spaeth, who was assigned to investigate Plaintiff's appeal, saw Plaintiff on September 2, 2006. (Id.)

Defendant Spaeth referred Plaintiff's complaint to the dental department because Plaintiff had an obvious eruption of one molar; completed a "referral for service" to a neurosurgeon for

1  Plaintiff's aneurism; and referred Plaintiff to an orthopedic surgeon for his knee.  (Id.)  Regarding
2  Plaintiff's complaint of a problem with his arms, Defendant Spaeth requested that a nerve conduction
3  study and an ectromylogram be conducted to evaluate the issue; and regarding Plaintiff's back pain,
4  his request for a tenzen unit was denied, but Baclofen for muscle spasms was ordered.  (Id.)
5  Regarding Plaintiff's complaint of migraines, it was Defendant Spaeth's opinion that they were
6  caused by chronic use of midrin and she ordered vicodin for five days to interrupt the effect.  (Id.)
7  Finally, Plaintiff was tested in April 2006 for Valley Fever and his test results were within normal
8  limits.  (Id.)

9  Defendants' response and/or involvement in addressing Plaintiff's appeal at the second level
10 of review does not support his claim that they were deliberately indifferent to his medical needs.  On
11 the contrary, Plaintiff's medical complaints were addressed and a course of treatment was initiated
12 for each complaint.  Plaintiff's disagreement does not support a claim for relief and there is simply
13 no basis upon which to mount an Eighth Amendment claim against Defendants Gonzales and
14 Spaeth.  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004); Jackson v. McIntosh, 90 F.3d 330,
15 332 (9th Cir. 1986); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).  The claims are
16 dismissed, with prejudice.

### 2.    Free Exercise and RLUIPA - Defendants Sobbe and Dill - KVSP

18 The protection of the Free Exercise Clause of the First Amendment is triggered when prison
19 officials substantially burden the practice of an inmate's religion by preventing him from engaging
20 in conduct which he sincerely believes is consistent with his faith, Shakur v. Schriro, 514 F.3d 878,
21 884-85 (9th Cir. 2008), while RLUIPA prohibits prison officials from substantially burdening a
22 prisoner's religious exercise unless the burden furthers a compelling governmental interest and does
23 so by the least restrictive means, Alvarez v. Hill, 518 F.3d 1152, 1156 (9th Cir. 2009) (citing
24 Warsoldier v. Woodford, 418 F.3d 989, 997-98 (9th Cir. 2005)) (quotation marks omitted).

25 Plaintiff's amended complaint fails to set forth sufficient facts to support a plausible claim
26 for relief against any defendant for substantially burdening his religious exercise.  Plaintiff's
27 conclusory allegations that he wanted to partake in herbal, natural, and holistic remedies fall short
28 of supporting any viable claims for relief.

1    Plaintiff's exhibits show that on August 8, 2006, Defendant Sobbe partially granted
2 Plaintiff's inmate appeal at the first level of review. (Amend. Comp., court record pp. 56-57.)
3 Plaintiff sought weekly Wiccan services; the appointment of a high priest/priestess from the
4 community or in the alternative, a qualified inmate; an approved list of Wiccan tools/artifacts; a
5 separate, enclosed outdoor area for services and holiday celebrations; and the approval of religious
6 packages for Wiccans. (Id.) Plaintiff's appeal was denied as to the separate, enclosed area for
7 services because that request required the approval of a higher authority, and it was granted in that
8 KVSP was in the process of updating allowable property lists and hiring more chaplains, one of
9 whom, while likely not Wiccan, would be able to assist Wiccan inmates with their religious needs.
10 (Id.)

11   On November 29, 2007, Defendant Dill granted Plaintiff's inmate appeal grieving the failure
12 of prison officials to follow through with religious accommodations promised in his 2006 appeal.
13 (Id., p. 51.) In the appeal response, Defendant Dill stated that since the submission of the appeal,
14 KVSP had completed the supplements to the Department Operations Manual and the things
15 requested by Plaintiff had been addressed. (Id.)

16   These appeal responses do not support Plaintiff's conclusory claim regarding holistic and
17 herbal medicines and they are not sufficient to show that Defendants Sobbe and Dill substantially
18 burdened Plaintiff's exercise of his religion. Both Defendants granted Plaintiff's appeals, with the
19 latter grant occurring at a point when Plaintiff's appeal issue had apparently been rendered moot, and
20 little else is clear regarding the alleged burdening of Plaintiff's religious exercise. Plaintiff's
21 allegations are devoid of the factual enhancement necessary to cross the line between possibility and
22 plausibility of entitlement to relief. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks and
23 citation omitted). The mere possibility of misconduct is not sufficient to state a claim against
24 Defendants Sobbe and Dill, and Plaintiff's free exercise and RLUIPA claims are dismissed, with
25 prejudice. Id.
26 ///
27 ///
28

III. **Conclusion and Order**

In conclusion, Plaintiff's amended complaint fails to state any claims under the Eighth Amendment, the Free Exercise Clause of the First Amendment, or RLUIPA.[1]  Plaintiff was previously given notice of the deficiencies and an opportunity to amend, and further leave to amend is not warranted.  Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Based on the foregoing, it is HEREBY ORDERED that:

1. This action is DISMISSED, with prejudice, for failure to state any claims under section 1983 and RLUIPA; and
2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  Silva v. Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   April 13, 2012                                    /s/ Sheila K. Oberto
                                                           UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent that Plaintiff is attempting to pursue any claims under state law, the Court expresses no opinion on those claims, as in the absence of any viable federal claims, the Court declines to exercise supplemental jurisdiction over state law claims.  28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).